**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DEVIN LANDER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: |
| PRADA USA CORP., a Delaware corporation, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Devin Lander, individually and on behalf of all others similarly situated, through his undersigned counsel, alleges the following against Defendant, Prada USA Corp. ("Prada"), based upon personal knowledge as to himself and information and belief as to all other matters.

### INTRODUCTION

1.      This action is brought by Plaintiff individually and on behalf of the class of individuals who purchased personalized goods from Prada that were not made to their specifications but whose requests for refunds and/or exchanges were nonetheless denied.

2.      Plaintiff purchased a $1,100 pair of custom designed lace-up tennis shoes that, when manufactured, did not include any of the basic design elements—including the color and monogram Plaintiff specified. Notwithstanding Prada's mistake, it denied Plaintiff's request for a refund or exchange, claiming that buyers of such items have no recourse but to accept the goods as made.

3.      Based on the foregoing, Plaintiff seeks classwide relief for breach of contract, breach of express warranty, violation of New York General Business Law § 349 and unjust enrichment.

**PARTIES**

4.      Plaintiff, Devin Lander, is a natural person residing in and a citizen of Florissant, Missouri. Plaintiff is a member of the class of persons defined herein.

5.       Defendant, Prada USA Corp., is a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York. Prada USA Corp. is the United States operating subsidiary of the Italian luxury fashion group Prada S.p.A.. It is responsible for importing, marketing, distributing, and retailing the Prada Group's luxury fashion products in the United States.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d)(2) because (a) there are 100 or more class members, (b) at least one class member is a citizen of a state that is diverse from Defendant's citizenship, and (c) the aggregate matter in controversy exceeds $5,000,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over Defendant. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York, and is therefore subject to the general personal jurisdiction of courts in New York.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS**

9.      Prada operates and manages numerous branded retail boutiques across the United States that sell luxury fashion products for men and women, as well as the online store prada.com (accessible at https://www.prada.com/us/en.html).

10.    Prada sells certain goods that buyers are allowed to personalize with, for example, a specific monogram, color or other design element.

11.    It is not uncommon for Prada to deliver goods the buyer has requested to be personalized that do not have the characteristics specified by the buyer, for example, a wrong or missing monogram, color or other design element.

12.    Customer reviews on such websites as Trust Pilot show that there's a strong consensus among people that the customer service is poor, with many describing it as unhelpful, dismissive, and unresponsive to their concerns. Reviewers frequently mentioned that staff members were unprofessional and unwilling to assist, especially with online orders or product issues.

13.    Some examples of Prada's practices appear below:



https://www.trustpilot.com/reviews/68ef6f0bcab10ed210ddd4bf



https://www.trustpilot.com/users/677821869d4ded8c5603d93a

14.     Thus, despite high price tag for its products, Prada engages in a systematic practice of refusing returns, even when the goods it sells are clearly defective or non-conforming, as in the case of Plaintiff outlined further below.

### *Facts Pertaining to Plaintiff*

15.     On or about January 4, 2026, Plaintiff purchased a pair of Prada America's Cup lace-up sneakers on its company website, www.prada.com, for $1,000.00, plus taxes of $46.48, for a total of $1,146.48.

16.     Prada's website includes a customization tool. Prior to placing his order, Plaintiff used this tool to design a color scheme that included a red ankle collar lining and green laces as shown below:



17.    Notwithstanding Plaintiff's design specifications, which Prada accepted along with his payment, Prada delivered an entirely different shoe with grey laces and a grey ankle collar lining and grey laces as shown below:



18.    When Plaintiff received the shoes, he immediately contacted Prada to report the non-conformity and to request shoes that matched his customization preferences.

19.    Notwithstanding Prada's acknowledgment that the shoes Plaintiff received did not

match his customization preferences, it refused to replace the shoes or to refund the purchase price.

## CLASS ACTION ALLEGATIONS

20.     This action is brought and may be properly maintained as a class action pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

21.     Plaintiff brings this action individually and on behalf of the following class defined as follows (the "Class"):

> All individuals who purchased Prada customizable merchandise on its company website, www.prada.com, that did not conform to the buyer's specifications, but who were denied a replacement or refund.

Excluded from the Class are Defendant (and its respective affiliates, parents, subsidiaries, officers, agents and directors), the judge(s) presiding over this matter, and the clerks of said judge(s).

22.     Plaintiff reserves the right to amend the above definition or to propose other or additional classes in subsequent pleadings and/or motions for class certification.

23.     Plaintiff is a member of the Class.

24.     This action seeks both injunctive relief and damages.

25.     This case satisfies each of the following requirements for class certification set forth in Fed. R. Civ. P. 23.

26.     *Numerosity.* The class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Given the scale of Prada's ecommerce operations, and the multitude of customized orders it receives, there are potentially thousands of persons in the class making individual joinder impracticable.

27.     *Commonality.* There are questions of law or fact common to the Class, Fed. R. Civ. P. 23(a)(2), including, *inter alia*, the following:

        a.     Whether Prada has a policy or practice of denying requests for replacements

or refunds to customers who purchase customizable goods and who claim the goods did not meet their specifications;

b.    Whether Prada has a policy or practice that includes reviewing the complaints of customers who purchase customizable goods that includes a visual match or other objective criteria;

c.    Whether Plaintiff and the Class have been injured by Prada's practices alleged herein and the appropriate measure of their damages.

28.    The foregoing questions satisfy commonality because the same evidence will suffice for each member to make a *prima facie* showing on the question or the issue is susceptible to generalized, class-wide proof, and determination of the question's truth or falsity will resolve an issue that is central to the validity of each one of their claims.

29.    Each Class member's claim depends upon a common contention, including, *inter alia*, that they paid for customizable merchandise on www.prada.com that did not conform to their, and were nonetheless denied a replacement or refund.

30.    *Typicality.* The claims of Plaintiff are typical of the claims of the Class. *See* Fed. R Civ. P. 23(a)(3). This case satisfies typicality for the same or similar reasons set forth above with respect to commonality.

31.    Plaintiff's claim has the same essential characteristics as the claims of the Class at large.

32.    *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class. Fed. R. Civ 23(a)(4). Plaintiff has retained counsel who are competent and experienced in class action litigation on behalf of consumers. Further, Plaintiff has no interests that are antagonistic to, or in conflict with, the interests of the Class.

33.     ***Predominance***. The questions of law or fact set forth herein predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). The Class is sufficiently cohesive to warrant adjudication by representation, and the common questions set forth herein represent a significant aspect of the case, as explained above.

34.     ***Superiority.***  A class action is superior to other available methods for fairly and efficiently adjudicating the controversy within the meaning of Fed. R. Civ. P. 23(b)(3). This is demonstrated the likelihood that any class members would want to maintain individual actions given the relatively small amounts at stake and the difficulty of obtaining counsel willing to pursue such relatively low value claims; the apparent lack of any such litigation having already been initiated; the desirability of concentrating the litigation of such claims in this Court as opposed to several courts hearing the same claim in different jurisdictions without coordination; and the lack of any apparent difficulties in the Court's management of the case before it as a class action.

35.     ***Classwide Injunctive Relief.*** In addition to satisfying the requirements of Fed. R. Civ. P. 23(b)(3), *supra*, this case satisfies the injunctive relief requirements of Fed. R. Civ. P. 23(b)(2), which requires a showing that the party opposing the class (Defendant) has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

36.     As alleged, Prada's policy or practice of denying replacements or refunds to purchasers of customized goods is generally applicable to the Class as a whole, thereby making appropriate final injunctive or equitable relief on a class-wide basis.

## CAUSES OF ACTION

## COUNT I

### (Breach of Contract)

37.    Plaintiff repeats and realleges the foregoing allegations as though fully stated herein. This count is pled in the alternative to Count IV (Unjust Enrichment), *infra*.

38.    At all times relevant hereto there was a contract between Plaintiff and the Class on the one hand and Prada on the other for the sale of Prada customizable goods.

39.    Under the terms of the foregoing contract, Prada was required to provide Prada goods made to the specifications of Plaintiff and the Class using Prada's customer accessible design tools in exchange for payment of the price set by Prada for such goods.

40.    Notwithstanding the fact that Plaintiff and the Class performed all of the material terms they were required to under the above contract, Prada failed to provide them with the goods they were promised as they did not conform to Plaintiff's and the Class' specifications.

41.    As a direct and proximate result of the foregoing breach, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

## COUNT II

### (Breach of Express Warranty (N.Y. U.C.C. § 2-213)

42.    Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

43.    Prada is a "seller" of "goods" within the meaning of the New York Uniform Commercial Code.

44.    Through Prada's website-based customization tool and the resulting design specifications and visual depiction presented to Plaintiff and the Class at the time of purchase,

Prada made affirmations of fact and/or promises and provided a description of the goods that related to the goods they purchased.

45. These affirmations, promises, and descriptions became part of the basis of the bargain because Plaintiff and the Class used the customization tool to select the design elements before placing their orders, and Prada accepted Plaintiff's and the Class' orders and payments for goods customized to those specifications.

46. Plaintiff and the Class purchased customized goods in reliance on Prada's affirmations, promises, and descriptions that the goods would conform to the customization specifications selected through the tool.

47. Prada breached its express warranty by delivering goods that did not conform to the customization specifications Plaintiff and the Class selected.

48. Upon receipt, Plaintiff and the Class notified Prada of the non-conformity and requested conforming goods or refunds.

49. As a direct and proximate result of Prada's breach of express warranty, Plaintiff and the Class suffered damages, including but not limited to the difference between the value of the goods as warranted and the value of the goods as delivered in an amount to be proven at trial.

## COUNT III

### (Violation of New York General Business Law § 349)

50. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

51. Plaintiff brings this Count individually and on behalf of the Class defined herein.

52.     New York General Business Law (GBL) § 349 prohibits unlawful deceptive acts or practices in the conduct of any business, trade, or commerce, and provides a private right of action to any person injured by such deceptive acts or practices. NY CLS Gen Bus § 349.

53.     Prada is a merchant headquartered in New York.

54.     Prada marketed and sold goods to Plaintiff and the Class.

55.     In connection with those sales, Prada promised Plaintiff and the Class that the goods would conform to each customer's specifications, including the design elements they specified.

56.     Prada did not deliver goods that conformed to Plaintiff's and the Class' specifications, including the design elements they specified, as promised.

57.     Prada's conduct was consumer-oriented because it was directed to consumers in the marketplace and had a broad impact on consumers at large, including Plaintiff and the Class.

58.     Prada's promise that it would deliver goods conforming to Plaintiff's and the Class' specifications, including the design elements they specified, was materially misleading because Prada did not deliver goods conforming to those specifications.

59.     The foregoing conduct of Prada constituted a deceptive act or practice within the meaning of GBL § 349.

60.     Plaintiff and the Class suffered injury as a result of Prada's deceptive acts and practices, including paying for goods promised to conform to their specifications, including the design elements they specified, but receiving goods that did not conform to those specifications.

61.     Prada's above-described materially deceptive acts and practices caused actual harm to Plaintiff and the Class who paid for such goods but then were denied replacements or refunds.

62.    Prada's deceptive promise that it would deliver goods that conformed to Plaintiff's and the Class' specifications caused their injury because they paid for goods represented as conforming to those specifications but did not receive goods conforming to those specifications.

63.    Prada is headquartered in New York, and the deceptive acts and practices alleged herein were undertaken in the conduct of Prada's business in New York within the meaning of GBL § 349.

## COUNT IV

### (Unjust Enrichment)

64.    Plaintiff repeats and realleges the foregoing allegations as though fully stated herein. This count is pled in the alternative to Count I (Breach of Contract), *supra*.

65.    Plaintiff and the Class rendered a measurable benefit to ChargePoint at its express or implied request by virtue of paying for its EV services described herein.

66.    Plaintiff and the Class expected payment from ChargePoint in the form of provision of EV charging services at ChargePoint charging stations.

67.    Allowing ChargePoint to retain the benefit of Plaintiff's and the Class' payments, including the loss of the use of the funds while they are awaiting refunds, without restitution would be unjust as it did not provide them with the EV charging services they paid for.

68.    As a direct and proximate result of the foregoing, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

Plaintiff, individually and on behalf of all other members of the Class, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.    Certifying that Class as requested herein, appointing the named Plaintiff as

Class representative and the undersigned counsel as Class counsel;

   B. Requiring that Defendant pay for notifying the members of the Class of the pendency of this suit;

   C. Awarding Plaintiff and the Class appropriate monetary relief, including their actual damages, statutory damages, treble damages, restitution and disgorgement;

   D. Awarding Plaintiff and the Class equitable, injunctive, and declaratory relief, as may be appropriate. Plaintiff, on behalf of himself and the Class, seeks appropriate injunctive relief sufficient to prevent Defendant from continuing to sell customized goods that do not conform to the buyer's specification;

   E. Awarding Plaintiff and the Class prejudgment and post-judgment interest to the maximum extent allowable;

   F. Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and expenses, as allowed, together with their costs and disbursements of this action; and

   G. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: April 6, 2026     Respectfully submitted,

           DEVIN LANDER

        By: /s/ Anthony J. Medico
          One of His Attorneys

          Anthony J. Medico (AM5903)
          Frank Napolitano III (FN1960)
          Law Offices of Medico and Napolitano LLC
          P.O. Box 503
          Port Chester, New York 10573

(203) 661-8151
amedico@medicoandassociates.com
frank@ctreattorney.com

William M. Sweetnam (*pro hac vice* forthcoming)
SWEETNAM LLC
230 Northgate Street, Suite 103
Lake Forest, Illinois 60045
(847) 877-2970
wms@sweetnamllc.com

*Attorneys for Plaintiff and the Class*